The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Gregory M. Willis. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff is a 53-year-old married male with a birth date of April 1, 1942. At the time of the accident giving rise hereto he was healthy without any pre-existing medical conditions. Although plaintiff has a high school education, his educational level is seventh grade with a suggested DIQ of 84 according to an evaluation by the North Carolina Department of Human Resources. The plaintiff failed all of his high school courses until it was discovered that he could play football and then he took his courses from his coaches — except English which he failed twice. The plaintiff cannot spell, can read at seventh grade level and can do simple arithmetic with the help of an adding machine.
2. Plaintiff has no vocational training and has only worked as a laborer changing tires and other automobile accessories.
3. On November 27, 1989 at approximately 10:00 A.M., plaintiff was working as an employee of Elk Super Tire, Inc. Mike Slaughter, the plaintiff's immediate supervisor, directed the plaintiff to weld a damaged portion of the wheel upon which was an inflated tire. The plaintiff, as directed, began welding for approximately sixty seconds when a high pressure explosion occurred. Plaintiff was blown through the air fifteen to sixteen feet and his body struck the wall of the building with great force.
4. The explosion caused the plaintiff to sustain severe injuries. The plaintiff lost most of the use of his left arm immediately. Subsequent surgeries to treat the left arm involved the removal of muscle from the right arm and shoulder and reduced plaintiff's ability to use his right arm. At the present time plaintiff suffers pain in both arms. His left arm is virtually useless and he cannot lift or raise his right arm above shoulder level; though he can pull with his right arm, he cannot lift objects of any appreciable weight, and not at all unless the object has a grip or handle. Plaintiff has had massive skin grafts from his arm, back, buttocks and abdominal area which cause difficulties when stretching and pulling.
5. The explosion also caused injury to plaintiff's head. Following the accident plaintiff was deaf for about a month. Plaintiff continues to suffer with pain behind his right eye, has severe headaches, dizziness, diminished hearing on both sides, positional vertigo and some small areas of ischemia/atrophic demyelination.
6. Plaintiff reached maximum medical improvement on January 7, 1993 at which time Dr. David Seigel found him to have a permanent partial disability, which is equal to ninety-five percent of his left arm secondary to loss of motion, loss of function, secondary to his multiple nerve and tendon injuries and multiple scars on his arm and abdomen, and that plaintiff would require braces on his left arm on a permanent basis. In addition, he had a 15 percent permanent partial disability due to loss of range of motion and loss of strength in his right arm secondary to transfer of the latissimus dorsi muscle. His right arm can only be forward elevated to 130, compared to 180 degrees which would be normal and his loss of internal rotation strength. He also has fatigue strength secondary to the loss of that large muscle.
7. Both the plaintiff and the defendant have attempted to find work or employment of which the plaintiff would be capable of performing without success and plaintiff is presently unemployable because of his disability. Plaintiff has met the burden of disability and defendant has not overcome the presumption that disability continues until he returns to work at wages equal to those he was receiving at the time the injury occurred.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows
CONCLUSIONS OF LAW
1. On November 27, 1989 plaintiff sustained injuries by accident arising out of and in the course of his employment resulting in the disabling personal injuries giving rise hereto. N.C.G.S. § 97-2(6).
2. Plaintiff is permanently and totally disabled pursuant to N.C.G.S. § 97-29. Plaintiff reached maximum medical improvement on January 7, 1993 and remains totally incapacitated from work by his November 27, 1989 injuries entitling him to compensation from the defendant at the rate of $158.07 per week from November 27, 1989 to the present and thereafter continuing at the same rate so long as he remains totally disabled, subject to a change of condition, medical or employment. Plaintiff has been paid $28,136.46 through and including the month of May 1996. Defendant-employer is entitled to receive a credit for this amount already paid to plaintiff.
3. To the extent the same are reasonably designed to tend to effect a cure of, provide needed relief from and/or lessen the period of disability associated therewith, defendant is obligated to pay all reasonable and necessary medical expenses incurred by plaintiff as a result of the November 27, 1989 injuries giving rise hereto, including the treatment he has received from Dr. James F. Toole, Bowman Gray School of Medicine, and North Carolina Baptist Hospital. The defendant shall pay any future medical expense related to his injuries.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following
AWARD
1. Plaintiff is permanently and totally disabled and plaintiff's claim for injury by accident is granted.
2. The defendant shall pay plaintiff, on account of his continuing total disability, compensation at the rate of $158.07 per week from November 27, 1989 and continuing at the same rate so long as he remains totally disabled, subject to a change of condition, medical or employment. Defendant-employer is entitled to receive a credit of $28,136.46, which plaintiff has already received. Such compensation has accrued and shall be paid in a lump sum, subject to a reasonable attorney fee hereinafter approved.
3. A reasonable attorney fee in the amount of 25 percent of the accrued compensation benefits from November 27, 1989 is hereby approved for plaintiff's counsel, which shall be deducted from the lump sum payment herein ordered and forwarded directed thereto. For the balance of his fee, defendant-employer shall forward every fourth compensation check due during the above Award directly to plaintiff's counsel.
4. To the extent the same are reasonably designed to tend to effect a cure of, provide needed relief from and/or less the period of disability associated therewith, defendant shall pay all reasonable and necessary medical expenses incurred by plaintiff as a result of the injuries by accident giving rise hereto, not only including the treatment of Dr. James F. Toole, Bowman Gray Medical, North Carolina Baptist Hospital and Wake Forest Physicians, but the continued medication and treatment that plaintiff may require in the future, when bill for the same are submitted in accordance with the Industrial Commission Rules.
5. Defendant, Elk Super Tire, Inc., shall bear the costs, including as part thereof an expert witness fee in the amount of $1,373.45 to Mr. Sol Richman, who appeared by way of deposition and gave expert vocational rehabilitation testimony herein.
FOR THE FULL COMMISSION
 S/ _______________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ____________________ THOMAS J. BOLCH COMMISSIONER
S/ ____________________ WILLIAM L. HAIGH COMMISSIONER
CMV/cnp/mj 5/20/96